GROSS, C.J.
 

 In October, 2004, a group of premium finance companies sued “Lloyd’s Underwriters at, London, a/k/a Underwriters, Lloyd’s of London.” The complaint alleged that Lloyd’s was “a corporation which has, or usually keeps, an office for transactions [sic] of its business in Bro-ward County, Florida, and which has an agent or other representative in Broward County, Florida.” The summons called for service on the defendant at “Mendes & Mount, 750 Seventh Avenue, New York, N.Y. 10019-6829.”
 

 The Corporation of Lloyd’s filed a motion to dismiss in December, 2004. The motion stated that it had been misidentified and improperly sued. Supported by an affidavit, the motion pointed out that the Corporation of Lloyd’s is an “administrative body which provides premises and other support services to a unique and complex international insurance market, just as the New York Stock Exchange provides premises and other support services to the securities market.” The motion asserted that the Corporation of Lloyd’s is not an insurance company and, that it “does not underwrite or sell insurance of any type or kind in England, the United States or in any other country.” The motion suggested that the proper way to bring suit was to sue those underwriters subscribing to a particular policy.
 
 See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,
 
 160 F.3d 925 (2d Cir.1998) (explaining the structure of the business of Lloyd’s);
 
 Lipcon v. Lloyd’s,
 
 148 F.3d 1285, 1288 (11th Cir.1998).
 

 In August 2006, the trial court held a status conference. Without a ruling on the motion to dismiss, the appellees filed an amended complaint that removed the corporation of Lloyd’s as a party and named the defendant as “Certain Underwriters at Lloyd’s, London.” The complaint did not further identify the defendant. There was no policy number alleged. There was no alias summons directed at any defendant.
 

 Perhaps unsure of its status in this lawsuit, the Corporation at Lloyd’s filed a motion to dismiss the amended complaint. After a hearing, the trial court denied the motion. We reverse.
 

 The defendant described in the amended complaint is not an entity capable of being-sued, any more than “a certain driver in Broward County” would be a proper defendant in a case arising from an automobile accident. The amended complaint does not contain a policy number that could be used to identify the underwriters
 
 *648
 
 of the policy. There is no indication that service at the New York address is sufficient as to such underwriters.
 

 We therefore reverse the order determining personal jurisdiction, quash service against the Corporation of Lloyd’s, and remand to the circuit court for further proceedings.
 

 FARMER, J., and MAASS, ELIZABETH, Associate Judge, concur.